NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA L. SEAICH,<br><br>         Plaintiff-Appellant,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>         Defendant-Appellee. | No.   14-35701<br><br>D.C. No. 9:13-cv-00193-JCL<br><br>MEMORANDUM * |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Submitted March 8, 2017**
Portland, Oregon

Before:  O'SCANNLAIN, FISHER, and FRIEDLAND, Circuit Judges.

Jessica Seaich applied for disability insurance benefits and supplemental

security income under Titles II and XVI of the Social Security Act.  An

administrative law judge ("ALJ") held that she was not disabled, the Appeals

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Council denied review, and the district court affirmed the Commissioner's decision. We vacate and remand for further proceedings.

1. Seaich contends that the ALJ erred by giving only some weight to the opinions of her treating endocrinologist, Dr. Eyler. When faced with contradictory opinions, the ALJ must give specific and legitimate reasons supported by substantial evidence in the record to reject a treating physician's opinion. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctor['s], are correct." *Id.* The only reason that the ALJ gave for discounting Dr. Eyler's opinion is that it was "not entirely consistent with her own treatment notes." He did not specify which parts of Dr. Eyler's opinion or which parts of her treatment notes he thought conflicted. He adopted some of her proposed restrictions but not all of them, again without explaining why he rejected the restrictions that he did. This failure was error under our precedents. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *Reddick*, 157 F.3d at 725.

2. Because we cannot rule out that this error "alter[ed] the outcome of the case," it was not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir.

2012). Dr. Eyler's opinion, which the ALJ discounted without adequate explanation, suggested that Seaich would require some endurance-related restrictions and would be able to perform manipulative activities only occasionally.

But the ALJ posed a hypothetical to the vocational expert consistent with the residual functional capacity he assigned, which included frequent handling and fingering and no endurance-related restrictions, such as the need for extra breaks or unscheduled absences. The vocational expert testified that if Seaich was limited to occasional manipulative activities that she would be unable to perform her past work and that the available jobs would be "very limited" to "selective" conveyor line work. It is not clear that this testimony satisfies the Commissioner's burden to show the availability of jobs Seaich could fulfill, and the ALJ did not address it in his opinion. The expert also testified that if she was unable to engage in a full eight-hour workday on a regular and consistent basis that she would not be able to work.

Accordingly, we VACATE and REMAND for further administrative proceedings for the ALJ to reconsider Dr. Eyler's opinion.